UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

Lease Group Resources, Inc., a New Jersey
corporation,

    Plaintiff,

v.                                                                                          Case No. 08-11217

Detroit Public School District, a Michigan                      Honorable Sean F. Cox
Public School District,

    Defendant.
_____/

## OPINION & ORDER

This breach of contract action is currently before the Court on the parties' cross-motions for summary judgment, filed following the close of discovery. Plaintiff contends that it is entitled to summary judgment on its breach of contract claim because the undisputed evidence establishes that Defendant breached the contract. Defendant, on the other hand, contends that it is entitled to summary judgment because the parties' written contract contains a provision requiring the parties to arbitrate any disputes arising under the contract. The parties have briefed the issues and the Court heard oral argument on April 9, 2009. For the reasons below, the Court shall DENY Defendant's Motion for Summary Judgment because Defendant has waived any right to arbitration by its actions in litigating this case. The Court shall GRANT Plaintiff's Motion for Summary Judgment on its Breach of Contract claim because it is undisputed that Defendant owes Plaintiff $253,391.87 under the contract.

BACKGROUND

1

On June 13, 2002, Defendant Detroit Public School District ("Defendant" or "DPS") entered into a written contract with Danka Office Imaging Company ("Danka")("the Contract"). (Ex. A to Def.'s Br.).

Pursuant to the Contract, Danka agreed to supply "document management (copier) capability to meet the needs of schools and administrative offices of" the DPS. (*Id*. at Section C). The Contract's period of performance was from June 10, 2002, to June 9, 2005, but it is undisputed that the period was later extended beyond June 9, 2005. The Contract also provided that DPS would make monthly lease payments and would have an option to buy the equipment at the end of the lease.

It is undisputed that the Contract contains a detailed dispute resolution clause, which includes mediation and arbitration:

> **I.31 Dispute Resolution**. In the event of any dispute, claim, question, or disagreement arising from or relating to this Contract or the breach thereof, the parties hereto shall use their best efforts to settle the dispute, claim, question, or disagreement. Initially, the Program Manager and Contracting Officer shall discuss the issue with the Contractor. If resolution is not reached, then Contractor shall meet with the Chief Contracting Officer, his successor, or designee to resolve the issue. To this effect, they shall consult and negotiate with each other in good faith and, recognizing their mutual interest(s), attempt to reach a just and equitable solution satisfactory to both parties. If they do not reach such solution within a period of 60 days, then the parties shall try to settle the dispute, claim or questions through Alternative Disputes Resolution utilizing mediation administered by the American Arbitration Association under its Commercial Mediation Rules. If, after such mediation, the parties still are unable to resolve the dispute, claim or question then, upon notice by either party to the other, al[l] disputes, claims, questions, or differences arising from or relating to this Contract or the breach thereof finally settled by arbitration administered by the American Arbitration Association in accordance with the provisions of its Construction Industry Arbitration Rules, and judgement on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

(Contract at Section I.32).

After entering into the Contract, Danka partnered with Plaintiff Lease Group Resources, Inc. ("Plaintiff" or "LGR").  Thereafter, Danka assigned the Contract to LGR.

LGR filed this action against DPS on March 20, 2008.  LGR's complaint is based upon the Contract and contains the following counts: "Breach of Contract" (Count I); "Unjust Enrichment" (Count II); and "Claim and Delivery" (Count III).  LGR's Complaint alleges that a copy of the Contract is "in DPS's possession."  (Compl. at ¶ 6).

DPS filed its Answer and Affirmative Defenses on May 1, 2008.  (Docket Entry No. 4). DPS answered paragraph six of LGR's Complaint as follows:

> 6.    That Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth of Plaintiff's allegation in Paragraph 6 of the Complaint; therefore, Defendant leaves Plaintiff to its proofs.

(Def.'s Answer at ¶ 6).  DPS's affirmative defenses include, "[t]hat Plaintiff's claims are barred by the contractual agreements executed between Plaintiff and Defendant."  (Def.'s Affirmative Defenses at ¶ 6).  DPS's affirmative defenses make no reference to arbitration.

On June 10, 2008, this Court issued a Scheduling Order in this matter which provides, among other things, that: 1) discovery shall close on October 10, 2008; 2) motions must be filed by November 10, 2008; 3) the Final Pretrial would be held on March 30, 2009; and 4) trial would be scheduled in May/June 2009.

On October 28, 2009, this Court referred this action to the Mediation Tribunal Association for mediation.  (Docket Entry No. 10).  On November 7, 2008, both parties requested that the deadline for filing motions be extended to December 1, 2008, and the Court granted that request.  (Docket Entry Nos. 11 & 13).

On December 1, 2008, LGR filed a Motion for Summary Judgment, requesting that the

3

Court grant summary judgment in its favor on the merits of its breach of contract claim. (Docket Entry No. 12).

DPS filed a "Motion for Summary Judgment" on that same date, wherein it asks this Court to dismiss LGR's claims because the Contract contains an arbitration provision that requires the parties to arbitrate any disputes over the Contract. (Docket Entry No. 14).

On January 16, 2009, DPS filed a Response Brief in opposition to LGR's Motion for Summary Judgment, wherein DPS asserts that the motion should be denied because LGR's complaint is barred by the dispute resolution clause in the Contract, which requires arbitration. DPS's response does not dispute that it owes LGR $253,391.87 under the Contract.[1]

## ANALYSIS

A.   <u>DPS Waived Its Right To Arbitration</u>.

"Contractual arbitration provisions are treated like other contractual provisions and such agreements are enforced, unless the parties waive their right." *Gordon v. Dadante*, 2008 WL 4372951 (6th Cir. 2008). "A party may explicitly waive its right to arbitration, or may waive its right by failing to assert it or by participating in litigation to such an extent that its actions are 'completely inconsistent with any reliance' on this right and cause the opposing party to suffer prejudice." *Id*. (quoting *Gen. Star Nat'l Ins. Co. v. Administration Asigurarilor de Stat*, 289 F.3d 434, 438 (6th Cir. 2002)). Although a waiver of the right to arbitration is "not to be lightly inferred," a party may be deemed to waive the right by delaying its assertion to such an extent that the opposing party incurs actual prejudice. *Id.; Manasher v. NECC Telecom*, 2009 WL

---

[1] DPS did challenge LGR's claim to a 10% late fee under the Contract. At the April 9, 2009 hearing, LGR's counsel stated that LGR was abandoning its claim to late fees and is only seeking the principal amount of $253,391.87 that was claimed in its motion.

361381 (E.D. Mich. 2009).

Here, in response to DPS's position that the parties must arbitrate the claims in this action, LGR contends that DPS has waived its right to arbitration by its actions in this case where DPS: 1) answered the complaint without asserting any right to arbitration; 2) filed affirmative defenses which do not include a request or demand for arbitration; 3) participated in discovery; 4) filed a witness list; and 5) only requested arbitration after the completion of discovery, in a motion for summary judgment, more than eight months after the complaint was filed. LGR further asserts that it has been prejudiced by DPS's delay in raising the issue because it has incurred significant costs in litigating this action through discovery and in filing its own motion for summary judgment.

For the reasons that follow, this Court agrees that DPS has waived any right to arbitration by its actions in litigating this case.

In *Manasher*, the Sixth Circuit held that the defendant "waived whatever right to arbitrate it may have had by failing to plead arbitration as an affirmative defense and by actively participating in litigation for almost a year without asserting that it had a right to arbitration." *Id*. The Sixth Circuit concluded that the defendant's conduct was "completely inconsistent with its reliance" on any right to arbitration and "caused the plaintiffs to suffer prejudice through unnecessary delay and expense." *Id.*

The *Manasher* Court noted that "Federal Rule of Civil Procedure 8(c) requires a defendant to plead arbitration as an affirmative defense in its answer or it will generally be deemed waived." *Manasher, supra*, at *1 n.3. At oral argument, DPS's counsel attempted to distinguish this case from *Manasher* by asserting that DPS *did* raise arbitration as an affirmative

defense in this action when it stated, as an affirmative defense, "that Plaintiff's claims are barred by the contractual agreements executed between Plaintiff and Defendant." The Court finds this argument to be without merit. "[T]he purpose of Rule 8(c) is to give the opposing party *notice* of the affirmative defense and a chance to rebut it." *Moore, Owen, Thompson & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993) (emphasis added). The affirmative defense stated by DPS made no reference whatsoever to arbitration and, in this Court's view, did not provide notice that DPS would demand arbitration of LGR's claims.

At oral argument, DPS's counsel also took the position that DPS could not have raised the issue of arbitration with the Court sooner because DPS did not obtain a copy of the Contract until October 11, 2008. In light of the fact that LGR's Complaint alleged that DPS was in possession of the Contract, and DPS's May 1, 2008 Answer reflected that DPS was unsure whether it had the Contract in its possession, counsel could certainly have obtained a copy of the Contract long before October 11, 2008. Moreover, counsel states that she did have the Contract on October 11, 2008. Nevertheless, DPS waited almost another two months (*i.e.*, until December 1, 2008, when it filed its Motion for Summary Judgment after the close of discovery) to raise the issue before the Court.

The record clearly supports the conclusion that DPS waived its right to arbitration through its actions in this case, which were completely inconsistent with a reliance on its right to arbitration. These actions include: 1) failing to state arbitration as an affirmative defense; 2) participating in discovery without objection; 3) not objecting when this Court referred this case for mandatory mediation; 4) filing a witness list; 5) not filing a motion seeking to compel arbitration; and 6) and failing to raise the arbitration issue with the Court *in any manner* until

6

after the close of discovery, after the case had proceeded for more than eight months, and after Plaintiff had filed its Motion for Summary Judgment.

This conclusion is especially warranted here, where, following the close of discovery, *DPS does not dispute that it breached the contract and does not dispute the amount owed to LGR under the contract*. To require the initiation of arbitration at this point would only result in further delay, greatly increased expense, and substantial prejudice on the part of LGR. "To require [LGR] to submit to arbitration at this point would be to make a mockery of the purposes – prompt resolution of disputes without the inconvenience, expense, delay, and uncertainty of litigation – of arbitration." *Uwaydah v. Van Wert County Hospital*, 246 F.Supp.2d 808, 814 (N.D. Ohio 2002). If the arbitration clause was enforced under the facts presented here, "there would be nothing to keep any litigant with an arbitration clause from testing the judicial waters, and to do so for as long as he liked, even to the point where the case has arrived on the brink of resolution, and then nullifying all that has gone before by demanding arbitration." *Id.*

Accordingly, the Court shall deny DPS's Motion for Summary Judgment because DPS waived its right to arbitration.

B.    LGR Is Entitled To Summary Judgment On Its Breach Of Contract Claim.

In LGR's Motion for Summary Judgment, LGR asks the Court to enter summary judgment in its favor with respect to its breach of contract claim (Count I). *Citing Platsis v. E.F. Hutton and Co.*, 642 F.Supp. 1277, 1309 (W.D. Mich. 1986), LGR notes that in order to establish a breach of contract under Michigan law, a plaintiff must establish: 1) the parties entered into a valid, enforceable contract; 2) the defendant breached the contract; and 3) the plaintiff incurred damages as a result of the breach.

There is no dispute that the parties entered into a valid and enforceable contract. LGR contends that although it has fully performed its obligations under the Contract, DPS has breached the Contract by failing to pay LGR the amounts owed to it. LGR has submitted affidavits from Lou Rogers and Peter Siegler, who state that: 1) LGR fully performed its obligations; and 2) DPS has failed to pay LGR amounts owed pursuant to the Contract. LGR asserts that the amount owed by DPS is $253,391.87.

In responding to LGR's Motion for Summary Judgment, DPS does not dispute that it breached the Contract or that it owes LGR $253,391.87 under the Contract. Thus, DPS did not submit any evidence to dispute that it owes $253,391.87 under the Contract.

Accordingly, the Court concludes that LGR is entitled to summary judgment on its breach of contract claim in the amount of $253,391.87.

        C.      <u>LGR Is Voluntarily Dismissing Its Remaining Claims</u>.

In addition to its breach of contract claim (Count I), LGR's Complaint also asserts the following claims: "Unjust Enrichment" (Count II); and "Claim and Delivery" (Count III). At the April 9, 2009 hearing, LGR's counsel stated that LGR wishes to dismiss both of those claims. Accordingly, Counts II and III of LGR's Complaint shall be dismissed.

### CONCLUSION & ORDER

For the reasons stated above, IT IS ORDERED that Defendant's Motion for Summary Judgment is DENIED.

IT IS FURTHER ORDERED Counts II and III of Plaintiff's Complaint are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is

GRANTED as to Count I of Plaintiff's Complaint.

    IT IS SO ORDERED.

                                        S/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated:  April 14, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 14, 2009, by electronic and/or ordinary mail.

                                        S/Jennifer Hernandez
                                        Case Manager